| | | |
|---|---|---|
| **LEROY R HAWKINS AND JOCELYN S HAWKINS** | * | **NO. 2022-C-0222** |
| | * | |
| **VERSUS** | | **COURT OF APPEAL** |
| | * | |
| **ALLSTATE INSURANCE COMPANY, AARON R GABLE AND AARON GABLE AGENCY, INC.** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |
| | * * * * * * * | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-09157, DIVISION "F-14"
Honorable Jennifer M Medley,
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Pro Tempore James F. McKay, III)

Christopher W. Kaul
Matthew R. Fiegler
601 Poydras Street, Suite 1850
New Orleans, LA 70130

      COUNSEL FOR DEFENDANTS/APPLICANTS

Ike Spears
SPEARS & SPEARS
909 Poydras Street, Suite 1825
New Orleans, LA 70112

      COUNSEL FOR PLAINTIFFS/RESPONDENTS

                                          **WRIT DISMISSED**
                                            **October 26, 2022**

TFL

RLB

DLD

SCJ

JFM

This matter derives from a lawsuit brought by Plaintiffs, Leroy R. Hawkins and Jocelyn S. Hawkins ("Plaintiffs"), in which Plaintiffs contended that their insurer and their agent, Defendants/Applicants, Aaron R. Gable Agency and Aaron Gable Agency, Inc. ("Applicants"), failed to properly notify Plaintiffs of a policy cancellation. Applicants sought supervisory writ review of the trial court's March 15, 2022 judgment which denied their motion for summary judgment. Subsequent to the matter being fixed for oral argument, Applicants filed an unopposed motion to dismiss their writ application. For the reasons discussed herein, we grant Applicants' motion to dismiss.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiffs sued their insurer, Allstate Insurance Company ("Allstate") and Applicants after Allstate denied insurance coverage for damage to their home resulting from a fire. According to the petition, the policy had been cancelled, however, Plaintiffs did not receive notice of the cancellation. The petition alleged, in part, that Plaintiffs paid the policy by automatic monthly withdrawals and that Applicants' representatives contacted Ms. Hawkins at times of renewal or if there

1

was any inability by the bank to process the automatic withdrawal. Plaintiffs alleged they received no notice of cancellation and asserted that Applicants "intentionally and fraudulently represented to [them] that their homeowner's policy was at all times in full force and effect and never cancelled." As a result of Applicants' alleged negligent misrepresentations, Plaintiffs argued that they were misled to believe they had a valid homeowner's policy, and accordingly, incurred damages when Allstate denied their claim.

Applicants filed a motion for summary judgment. At the hearing, Applicants asserted that as the agent, they had no duty to inform Plaintiffs of the policy cancellation and claimed that Allstate, the insurer had timely notified Plaintiffs of the cancellation. Applicants also contested whether Plaintiffs had timely filed an opposition to their motion for summary judgment.

The trial court denied Applicants' motion for summary judgment, adopting the reasons set forth by Plaintiffs in their opposition. Applicants filed a notice of intent to seek writs, and thereafter, timely filed the present writ application.

Upon receipt of Applicants' writ application, this Court fixed the matter for oral argument on July 12, 2022. Applicants filed a motion to continue, representing that the parties were attempting to resolve the matter. This Court granted the motion to continue and re-set the matter for argument on September 20, 2022. Applicants again requested a continuance. Applicants maintained that the dispute had been resolved in mediation and that the parties needed time to finalize a settlement agreement. The matter was continued until October 26, 2022.

On October 24, 2022, Applicants filed an Unopposed Motion to Dismiss and/or in the Alternative, Unopposed Motion to Continue Hearing. Applicants

2

asserted that the matter had been completely resolved amongst the parties and an executed Joint Motion to Dismiss had been filed in the trial court.

## DECREE

Appellate courts do not render advisory opinions on moot issues. *See Succession of Dedais*, 2018-0914, p. 4 (La. 4 Cir. 4/10/19), 268 So.3d 1271, 1273. Accordingly, based on Applicants' representation that the matter has been completely resolved and a joint motion to dismiss has been filed with the trial court, we grant Applicants' unopposed motion to dismiss and dismiss the writ application with prejudice.

**WRIT DISMISSED**